

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

## NO. 02-13-00029-CR

JOE BRISENO                                                      APPELLANT

V.

THE STATE OF TEXAS                                                    STATE

----------

FROM CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

A jury found Appellant Joe Briseno guilty of aggravated assault with a deadly weapon, and after he pleaded true to the enhancement allegation, the jury assessed punishment at twenty-five years' imprisonment. The trial court sentenced him accordingly. In a single point, Briseno contends that the trial court

---

[1]*See* Tex. R. App. P. 47.4.

abused its discretion by excluding evidence of a State's witness's prior bad acts. We will affirm.

Monica Henderson knew Briseno and his wife Melissa. Henderson was at home with her children watching TV when Briseno entered her home unannounced, carrying a gun in his hand. Briseno pointed the gun at Henderson and questioned her regarding his wife Melissa's whereabouts. When Henderson denied knowing Melissa's location, Briseno pointed the gun at Henderson's seven-year-old son sitting beside her. Briseno continued to threaten Henderson and her children as he searched her home, looking for his wife. Approximately thirty minutes after entering Henderson's home, Briseno told Henderson not to talk to the police about the incident, threatening to send his "homeboys [to] finish the job" if she did, and he left. Henderson later reported the incident to police and testified as a witness for the State at trial.

Briseno argues that the trial court abused its discretion by not allowing him to impeach Henderson on cross-examination by asking her whether she had gone to Briseno's residence after the incident to buy marijuana. Briseno also argues that by disallowing this line of questioning, the trial court denied him the right to confront his accuser.

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion. Tex. R. App. P. 33.1(a)(1); *Landers v. State*, 402 S.W.3d

2

252, 254 (Tex. Crim. App. 2013); *Sample v. State*, 405 S.W.3d 295, 300 (Tex. App.—Fort Worth 2013, pet. ref'd). A complaint that the trial court abused its discretion by excluding impeachment evidence may not be pursued on appeal unless the proponent perfected an offer of proof or a bill of exception. *See* Tex. R. App. P. 33.2; Tex. R. Evid. 103(a)(2); *Guidry v. State*, 9 S.W.3d 133, 153 (Tex. Crim. App. 1999), *cert. denied*, 531 U.S. 837 (2000). A reviewing court should not address the merits of an issue that has not been preserved for appeal. *Wilson v. State*, 311 S.W.3d 452, 473 (Tex. Crim. App. 2010) (op. on reh'g); *Sample*, 405 S.W.3d at 300.

Prior to trial, the State filed a motion in limine seeking to have the trial court rule outside the jury's presence on the admission of any evidence of a State's witness's bad acts. Defense counsel received a copy of the motion in limine, and the trial court granted the motion with no objection from defense counsel. At trial, defense counsel questioned Henderson about the number of times she had been to Briseno's house and the nature of her visits. Henderson testified that she had been to Briseno's house several times in order to buy marijuana from him. The trial court sustained the State's objection when defense counsel asked Henderson whether she had returned to his house after the incident to buy marijuana. Defense counsel did not identify for the record what the excluded testimony would have been, nor did she object that the excluded testimony would have been admissible to impeach Henderson. *See* Tex. R. App. P. 33.1(a)(1); Tex. R. Evid. 103(a)(2). Defense counsel also did not object that by excluding

3

this line of questioning, the trial court denied Briseno the right to confront his accuser. *See Parker v. State*, No. 02-01-00275-CR, 2003 WL 21357571, at *1 (Tex. App.—Fort Worth June 12, 2003, no pet.) (mem. op., not designated for publication). Accordingly, we must conclude that Briseno has not preserved his complaint for appeal. *See* Tex. R. App. P. 33.1(a)(1); Tex. R. Evid. 103(a)(2); *Guidry*, 9 S.W.3d at 153. We overrule Briseno's sole point.

Having overruled Briseno's point, we affirm the trial court's judgment.


PER CURIAM

PANEL: WALKER, MCCOY, and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: May 29, 2014

4